The Honorable Jodie Mahoney State Representative 106 West Main Street, Suite 406 El Dorado, AR 71730
Dear Representative Mahoney:
I am writing in response to your request for an opinion on the following:
 The Union County Industrial Board is organized pursuant to Act 142 of 1975 (A.C.A. §§ 14-137-101
though 123). The Board holds a substantial amount of money, most of which was acquired by the sale of land donated to the County when American Oil Company shut down its El Dorado refinery.
 Recently, Cooper Standard Automotive announced the closing of its El Dorado facility by the end of 2006 with the loss of 300 jobs. Gordy Tool Machine, a local El Dorado industry, has been a supplier to Cooper Standard and will be severely impacted by the closing of its operation. In order to try and replace some of the business being lost by Cooper's closure, Gordy has designed a piece of equipment that will enhance the performance of BMW motorcycles. Gordy wishes to advertise the availability of this equipment over the internet. Gordy has requested a direct grant from the Union County Industrial Board to be used to rework its website with respect to the availability of this equipment. It is Gordy's hope that the sale of this equipment will offset the loss of business that will result from Cooper Standard's closing.
 Would the Union County Industrial Board be within its authority to make such a grant? This would not be a loan, but would be a direct grant of money.
RESPONSE
In my opinion, a public facilities board, such as the Union County Industrial Board, organized under A.C.A. §§ 14-137-101
through -123 (Repl. 1998 Supp. 2005) does not have the authority to make a grant of money to a private corporation.
As described in your request for an opinion, the Union County Industrial Board is organized under the Public Facilities Boards Act ("PFBA"), A.C.A. §§ 14-137-101 through -123. One of my predecessors described the functioning of the PFBA as follows:
 The general purpose of the Public Facilities Boards Act is to provide an alternative method of financing public facilities. A.C.A. § 14-137-102 (1987). Arkansas Code Annotated § 14-137-106 (Supp. 1995) authorizes a [county] to create one or more public facilities boards, and A.C.A. § 14-137-107 (1987) provides that each public facilities board shall be created by ordinance of the governing body. Governing body, as used in the Public Facilities Boards Act, means the council or other like body in which the legislative functions of a municipality are vested [or the quorum court of the county]. A.C.A. § 14-137-103(5) (Supp. 1995). The public facilities board is a public instrumentality of the municipality that created the board. A.C.A. § 14-137-114 (1987). The governing body that creates the board must specify in the enacting ordinance the powers granted to the board, and the governing body may place specific limitations on the exercise of the powers granted to the board. A.C.A. § 14-137-107 (987).
* * *
 Each public facilities board is authorized and empowered "[t]o have perpetual succession as a body politic and corporate and to adopt bylaws for the regulation of its affairs and the conduct of its business." A.C.A. § 14-137-111(a)(1) (Supp. 1995).
Op. Att'y Gen. 97-019. The PFBA has an extensive list of the projects and purposes for public facilities boards. The Arkansas Code, in describing the purposes for which a public facilities board may be created states:
 (a)(1) Any municipality or any county is authorized to create one (1) or more public facilities boards and to empower each board to own, acquire, construct, reconstruct, extend, equip, improve, operate, maintain, sell, lease, contract concerning, or otherwise deal in or dispose of health care facilities, emergency medical health care facilities, residential housing facilities, off-street parking facilities, recreational and tourist facilities, waterworks facilities, sewer facilities, facilities for securing or developing industry, energy facilities, hydroelectric power projects, education facilities, other capital improvement facilities, or any combination of such facilities, or any interest in such facilities including, without limitation, leasehold interests in and mortgages on such facilities.
* * *
 (b) The boards may be further empowered to make loans to mortgage lenders, defined as all banks or trust companies, industrial loan institutions, credit unions, mortgage banking firms, national banking associations, savings and loan associations and investment banking firms that maintain a principal office or place of business in the state, and all insurance companies authorized to do business in the state, on condition that the mortgage lenders use the proceeds of each loan to provide financing for either health care facilities, emergency medical health care facilities, residential housing facilities, off-street parking facilities, recreational and tourist facilities, waterworks facilities, sewer facilities, facilities for securing or developing industry, energy facilities, educational facilities, hydroelectric power projects, other capital improvement facilities, or any combination of such facilities.
 (c) Any such undertaking by a board will be sometimes referred to in this chapter as a "public facilities project" or" project".
 (d) As used in this section, the term "other capital improvement facilities" means, whether obtained by purchase, lease, construction, reconstruction, restoration, improvement, alteration, repair, or other means, any physical public betterment or improvement or any preliminary plans, studies, or surveys relative thereto; lands or rights in land, including, without limitations, leases, air rights, easements, rights-of-way, or licenses; furnishings, machinery, vehicles, apparatus, equipment, or other personal property for use by the city or county; and any furnishings, machinery, vehicles, apparatus, or equipment for any public betterment or improvement, which shall include, without limiting the generality of the foregoing, the following:
 (1) Any and all facilities for city or town halls, courthouses, and administrative, executive, or other public offices;
 (2) Court facilities, jails, and police and sheriff stations, apparatus, and facilities;
(3) Fire fighting facilities and apparatus;
(4) Public health facilities and apparatus;
 (5) Hospitals, nursing homes, and similar extended-care facilities;
 (6) Residential housing for low and moderate income, elderly, or individuals with disabilities and families;
(7) Parking facilities and garages;
 (8) Educational and training facilities for public employees;
 (9) Auditoriums, stadiums, and convention, meeting, or entertainment facilities;
 (10) Ambulance and other emergency medical service facilities;
(11) Civil defense facilities;
(12) Air and water pollution control facilities;
 (13) Drainage and flood control facilities and storm sewers;
(14) Arts and crafts centers;
(15) Museums and libraries;
 (16) Public parks, playgrounds, or other public open spaces;
(17) Marinas;
 (18) Swimming pools, tennis courts, golf courses, camping facilities, gymnasiums, and other recreational facilities;
(19) Tourist information and assistance centers;
 (20) Historical, cultural, natural, or folklore sites;
(21) Fair and exhibition facilities;
 (22) Streets and street lighting, alleys, sidewalks, roads, bridges, and viaducts;
 (23) Airports, passenger or freight terminals, and hangars and related facilities;
 (24) Barge terminals, ports, harbors, ferries, wharves, docks, and similar marine services; and slack water harbors, water resource facilities, waterfront development facilities, and navigational facilities;
(25) Public transportation facilities;
 (26) Public water systems and related transmission and distribution facilities; storage facilities, wells, and impounding reservoirs, treatment plants, lakes, dams, watercourses, and water rights;
(27) Sewer collection systems and treatment plants;
 (28) Maintenance and storage buildings and facilities;
 (29) Incinerators, and garbage and solid waste collection disposal, compacting, and recycling facilities of every kind; and
(30) Social and rehabilitative services facilities.
A.C.A. § 14-137-106 (Repl. 1998). The public facility projects contemplated in this section are all facilities that would be managed or otherwise overseen by the board as established by ordinance. Nowhere in this code section do the terms "grant" or "donate" appear. All of the descriptions offered above relate directly to facilities that would directly benefit the public in one manner or another. By the plain and ordinary language of the statute, a public facilities board does not appear to have the authority to make a donation to a private company.[1]
Furthermore, I am bolstered in this conclusion by the delineated powers of a public facilities board contained in A.C.A. § 14-137-111 (Supp. 2005). Specifically, the board is empowered to "lend" or "invest" money in certain circumstances. A.C.A. §§ 14-137-111(a)(9) through (a)(10). There is no provision for the outright granting or donating of board funds. While the PFBA does contain a provision empowering the board to "do any and all things necessary or convenient to accomplish the purposes of [the Public Facilities Boards Act]," id. at (a)(12), as noted above the purposes of the act and a board created under the act are restricted to the management and improvement of public facilities.
In my opinion, the Union County Industrial Board, organized as a public facilities board, is not authorized to grant board money to a private company as contemplated in your request for an opinion.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JMD/cyh
[1] Additionally, because a public facilities board is an arm of the county government, see Op. Att'y Gen. 97-019, the constitutional prohibitions contained in Article 12, § 5 of the Arkansas Constitution would likely be applicable. Specifically, Article 12, § 5 prohibits the appropriation of money to a private company, such as is contemplated in your request for an opinion. Because the statutory authority of a public facilities board does not, in my opinion, contain any ambiguity regarding whether a board may make such a donation or appropriation, I do not directly address the constitutional implications.